# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JONATHON ROBERT PATTERSON,
BAR NO. 9644.

No. 70265

FILED

SEP 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER DENYING RECIPROCAL DISCIPLINE AND EXTENDING PROBATION*

This is a petition for reciprocal discipline of attorney Jonathon Patterson pursuant to SCR 114. After a gross misdemeanor conviction, the State Bar of California suspended Patterson from the practice of law in California for three years, with the last year of that suspension stayed, and subject to certain conditions. Patterson failed to comply with the conditions of his California probation as he did not submit to the California State Bar quarterly reports, quarterly declarations of compliance with the conditions of his criminal probation, and proof of attendance to an ethics class and passage of a test given during that class. When the State Bar of California instituted new disciplinary charges against Patterson as a result of his probation violations, Patterson failed to respond to the charges. The State Bar of California entered a default against Patterson, and Patterson was disbarred from practicing law in California.

Patterson self-reported his California disbarment to the State Bar of Nevada. At the time, Patterson was subject to a two-year

16-28222

probationary period in the State of Nevada, after this court had suspended him for two years as a result of his criminal conviction. In reinstating Patterson we ordered that:

1. Patterson shall provide the State Bar with quarterly reports for the two (2) year probationary period. These reports shall address each condition described below.

2. Patterson shall continue with the Sexual Addicts Anonymous ("SAA") meetings during the next two (2) years, and participate in at least fifty (50) meetings per year. Patterson shall provide copies of the SAA sign-in sheets to the State Bar every quarter.

3. Patterson shall continue meeting with his therapist, Dr. Owens, at least once a month during the next two (2) years. Dr. Owens shall inform the State Bar about any specific behavioral concerns exhibited by Patterson. Dr. Owens shall provide to the State Bar, at Patterson's expense, a psychosexual evaluation report at the end of the two (2) year probation period.

4. Patterson shall not practice in the area of family law or any area of law directly involving juveniles during the two (2) year probationary period.

5. Patterson shall provide any employer during the probationary period with a copy of the final order of the Supreme Court in this matter.

6. Should Patterson enter into solo practice or be employed as general counsel, he shall obtain a Mentor that is approved by bar counsel. The Mentor shall submit quarterly reports to the State Bar detailing his contacts with P[at]terson, his impressions of Pa[t]terson and

any concerns that the Mentor believes that bar counsel should know about Patterson's practice of law.

7. Patterson shall pay all outstanding child support and alimony within three (3) years.

8. That Patterson shall pay the costs of these proceedings within thirty (30) days of an Order from the Supreme Court directing him to do so.

*In re Reinstatement of Patterson*, Docket No. 63738 (Order of Reinstatement, April 10, 2015). Patterson has substantially complied with these conditions, though it appears the information he has sent the State Bar quarterly did not address paragraph 7.[1]

Having considered the petition for reciprocal discipline and Patterson's opposition, we conclude that discipline is warranted, but that "the misconduct established warrants substantially different discipline in this state," SCR 114(4)(c), and thus deny the petition for reciprocal discipline. In particular, we conclude that disbarment is not warranted because disbarment in Nevada is not equivalent to the disbarment imposed on Patterson in California, as disbarment in Nevada is irrevocable while in California an attorney may seek reinstatement after

---

[1]From supplements filed in response to this court's August 5, 2016 order, it appears that Patterson has paid $27,400.39 in child support and child support arrearages over the past thirty months. It is not clear where this places Patterson in terms of his ability to meet the 3 year deadline stated in paragraph 7. The representation also is silent as to the status of Patterson's alimony arrearages. The next report to be filed should indicate the total remaining arrearages.

 

five years. *See* SCR 102(1); California Rules of Procedure of State Bar, Rule 5.442(B).

Nonetheless, we conclude that even a five-year suspension is not warranted here. Patterson's misconduct in California was his failure to comply with his probation conditions there, but he asserts that he did not have the financial means to comply with the conditions because he could not afford to travel to California to take the required ethics class. Additionally, Patterson's disbarment in California was based primarily on his failure to respond to the disciplinary charges and was a result of the default taken against him. He argues that he could not afford to be responsible for the costs of the bar proceedings in California that would be incurred as a result of him responding and fighting the discipline charges there. Unlike in California, Patterson has responded here. Furthermore, he self-reported his California disbarment, as he is required to do so. While his failure to respond to the State Bar of California is a violation of RPC 8.1(b), and his failure to comply with the terms of his California probation is a violation of RPC 3.4(c) and 8.4(d), these violations alone would not warrant a five-year suspension.

Accordingly, we conclude that instead of disbarring Patterson from the practice of law in the State of Nevada or even suspending him for five years, his probation ordered in *In re Reinstatement of Patterson*, Docket No. 63738 (Order of Reinstatement, April 10, 2015), shall be extended from two years to three years, with each of the conditions stated in paragraphs 1 through 7 above extended from two to three years as well. During the remaining years of Patterson's probation, he shall file complete

quarterly reports as to his performance of each of the obligations stated in paragraphs 1 through 7 above with State Bar Counsel.

Thus, the conditions placed on Patterson's reinstatement described in *In re Reinstatement of Patterson*, Docket No. 63738 (Order of Reinstatement, April 10, 2015), shall now extend to April 10, 2018. Further, Patterson shall file a report with the State Bar addressing each of the conditions of his probation, and specifically addressing the status of his alimony payments, within 30 days from the date of this order and every quarter thereafter through April 10, 2018.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

cc:    C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Hurtik Law & Associates
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court